# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2023

Lyle W. Cayce
Clerk

No. 22-20574

Willie Darries,

*Plaintiff—Appellant*,

*versus*

R.P. Cornelius,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3333

---

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Willie Darries filed a civil rights action under 42 U.S.C. § 1983, alleging that Defendant-Appellee R.P. Cornelius, his former defense attorney, violated his Eighth and Fourteenth Amendment rights by fraudulently "pleading him guilty." More specifically, Mr. Darries claims that Mr. Cornelius fraudulently told the court that Mr. Darries was competent.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Mr. Cornelius, a public defender, represented Mr. Darries in multiple criminal cases including the one that underlies this civil action, in which Mr. Darries was convicted of attempting to deliver a controlled substance. Mr. Cornelius claims that he never believed that Mr. Darries was incompetent. Rather, he noticed that Mr. Darries was a "very skillful negotiator," and would file grievances, threaten to file complaints against police officers, and plea bargain his cases with "a clear understanding of punishment levels and differences between first-, second-, and third-degree felonies[.]"

The district court dismissed this action on two grounds: (1) Mr. Cornelius, in his capacity as a public defender, was not a state actor under § 1983; and (2) the statute of limitations had passed.

The district court is correct on both grounds. The Supreme Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 3254 (1981). Further, the district court correctly noted that the deadline for filing this action was two years after the cause of action occurred, which would have been in 2015, two years after the 2013 conviction. *Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). Mr. Darries filed his action six years after his 2013 conviction—approximately four years after the deadline passed.

For these reasons, the district court's judgment is AFFIRMED.